IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELBA SANTIAGO,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>　　　Defendant. | Civil Action No. 10-3916 |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and other common law rights.  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Elba Santiago is an adult individual residing at 369 Church Street, Phoenixville, PA 19460.

5.      Defendant Midland Credit Management, Inc. (hereafter "MCM") is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 4302 East Broadway Road, Phoenix, AZ 85040-8808.  The

principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to consumer credit card purchases that were allegedly owed to the original creditor (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. In or around May 2010, Defendant contacted Plaintiff to coerce payment of the debt wherein Defendant's representative left Plaintiff a voicemail threatening to take Plaintiff to the courthouse and misrepresenting that the police would arrest Plaintiff at her home if Plaintiff did not return the call immediately. Defendant further threatened Plaintiff with jail time and threatened to seize Plaintiff's home.

9. Notwithstanding the above, in or around May 2010, Defendant contacted Plaintiff to coerce payment of the debt wherein Defendant's representative left Plaintiff a voicemail threatening that Plaintiff had until tomorrow to call Defendant's representative back or he would see her at the courthouse.

10. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

11. Defendant acted in a false, deceptive, misleading and unfair manner by representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the collector intends to take such action.

12. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer.

13. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that cannot legally be taken or that is not intended to be taken.

14. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I- VIOLATIONS OF THE FDCPA

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d(5), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f as evidenced by the following conduct:

   a) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

   b) Representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the collector intends to take such action;

   c) Threatening to take action that cannot legally be take or that is not intended to be taken;

   d) Falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer;

   e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

   f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

23. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant engaged in extreme and outrageous conduct beyond all bounds of decency including but not limited to misrepresenting that Plaintiff would be arrested at her home, in front of her family and neighbors, thus causing Plaintiff to suffer severe emotional distress.

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the severe emotional distress suffered by Plaintiff.

28. Defendant is thus liable to Plaintiff for all actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: /s/ Mark D. Mailman
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: August 5, 2010